In United States District Court
For the District of Delaware

UNITED STATES OF AMERICA

v.

LAMARR MCELDERRY,
Defendant

Criminal Complaint

CASE NUMBER: 08-*134-M*

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>July 28, 2008</u>, in the District of Delaware, Defendant Lamarr McElderry, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce a firearm, in violation of Title <u>18</u>, United States Code, Section(s) <u>922(g)(1) and 924(a)(2)</u>; and did knowingly possess with an intent to distribute a mixture or substance containing cocaine base, in violation of Title <u>21</u>, United States Code, Sections(s) <u>841(a)(1) and (b)(1)(C).</u>
I further state that I am sworn as a <u>Special Deputy U.S. Marshal and am assigned to the ATF</u> and that this complaint is based on the following facts:

<u>See</u> attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

_____
Steven Parrott
Special Deputy U.S. Marshal assigned to the ATF

Sworn to before me and subscribed in my presence,

July 29, 2008                                    at    Wilmington, DE
Date                                                    City and State

Honorable Leonard P. Stark
United States Magistrate Judge                          _____
Name & Title of Judicial Officer                        Signature of Judicial Officer

AFFIDAVIT OF STEVEN PARROTT

1. Your affiant is Steven Parrott. Your affiant is a Special Deputy U.S. Marshal and is currently assigned as a Task Force Officer to the Wilmington, Delaware office of the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives. Your affiant has been a police officer for the city of Wilmington, Delaware for ten years. Prior to your affiant's employment with the city of Wilmington, Delaware your affiant was a sworn police officer for ten years working in other states. In all your affiant has twenty years of experience as a sworn police officer. Your affiant has attended and completed training in police/law enforcement academies in the states of Florida, Wyoming and Delaware. Your affiant has received training in the recognition of firearms and the investigation of firearms offenses at all three of these academies as well as regularly attending in-service training throughout your affiant's career. Your affiant has participated in the seizures of over fifty firearms and the investigation of a substantial number of firearm related offenses. In addition your affiant has participated in discussions about the facts and circumstances of firearms offenses with other police officers, including but not limited to local, state and federal officers, specific to their own knowledge, experience and training of such offenses.

2. Unless otherwise noted, the information in this affidavit is based on your affiant's personal knowledge and conversations with officers of the Wilmington, Delaware Police Department and/or a Special Agent of the ATF who is specially trained in the investigation of firearms related incidents and the interstate nexus of firearms.

3. The seizure of all the below listed evidence took place on July 28, 2008, in the city of Wilmington, state and District of Delaware, as stated below to me by one or more Wilmington Police Officers.

4. Your affiant reviewed the criminal history information for the Defendant from the Delaware Justice Information System and learned that the defendant has eight (8) prior felony convictions in which he faced imprisonment for a period exceeding one year: A. Two (2) counts of Possession of a Nonnarcotic Schedule I Controlled Substance within 1,000 feet of a School, conviction date on or about 05/04/01; B. Tampering with Physical Evidence, conviction date on or about 02/12/01; C. Maintaining a Vehicle for Keeping Controlled Substances, conviction date on or about 05/19/97; D. Forgery 2nd Degree, conviction date on or about 05/19/97; E. Possession With Intent to Deliver Narcotic Schedule II Controlled Substance, conviction date on or about 06/27/96; F. Distribution of a Narcotic Schedule II Controlled Substance within 1,000 feet of a school, conviction date on or about 06/27/96. G. Conspiracy 2nd Degree, conviction date on or about 06/27/96. All of these convictions were in Superior Court in and for New Castle County.

5. Your affiant spoke to a Wilmington Police Officer hereinafter referred to as Officer 1 and learned the following: Officer 1 was working in uniform in a marked police car with a partner when they were dispatched to a man with a gun call at an apartment complex in the city of Wilmington. A description and direction of travel for the armed man was provided to the officers.

6. Officer 1 told your affiant the following. When the officers arrived in the area they saw three subjects unlawfully crossing the street in the middle of the road. Two of the subjects matched the description given and officers attempted to stop them. Two of the subjects complied but the third, later identified as the defendant, Lamarr Mcelderry, turned away from the other two subjects and refused repeated verbal commands by Officer 1 to stop. The defendant sat down on the front steps to a residence among other people. The defendant then physically struggled with the officer.

7. Officer 1 told your affiant the following. As he was struggling with the defendant he was holding onto the defendant's left arm. He then saw a handgun in the defendant's right hand. Officer 1 took the defendant to the ground and the defendant dropped the handgun, which was immediately recovered by Officer 1's partner.

8. Officer1 told you affiant the following. After taking the defendant into custody Officer 1 transported the defendant to the police department. Officer 1 searched the defendant incidental to his arrest and found a small, knotted plastic bag in his right rear pocket. In that bag was a white chunky substance which appeared, based on Officer 1's training and experience, to be cocaine base. The defendant also possessed one hundred seventy nine dollars in United States Currency, which was seized by Officer 1.

9. Your affiant spoke with Officer 1's partner, hereinafter referred to as Officer 2. Officer 2 told your affiant the following. Officer 2 maintained custody of the firearm. He found it to be loaded with six rounds of ammunition in the magazine and one in the chamber. Officer 2 also weighed and field tested the suspected cocaine base. Its total weight, including the bag, was 3.5 grams. A sample of the substance field tested positive for the presence of cocaine base.

10. Your affiant viewed the seized firearm and found it to be a Markarov 9mm semi-automatic handgun, serial # NM251265. It carried a stamp indicating it was manufactured in Bulgaria.

11. Your affiant spoke with a Wilmington Police officer who is sworn as a Special Deputy U.S. Marshal and assigned as a Task Force Officer to the ATF. Your affiant summarized the facts of this case to that officer and his professional opinion was that the seized cocaine base was possessed by the defendant with the intent to distribute same. He based this opinion on several factors including the lack of paraphernalia in possession of the defendant, the weight of the cocaine base, the area where the drug seizure occurred, the amount of money possessed by the defendant and the absence of gainful employment on the part of the defendant. Your affiant has previously seen this officer testify as an expert on factors that are consistent with possessing cocaine base with the intent to distribute same in Federal Court. During this testimony your affiant heard the officer say that he has received training and is experienced in the investigation of drug crimes, including the possession and distribution of illegal narcotics. He also said that he has testified as an expert in State Court in cases relating to the possession and distribution of illegal narcotics.

12. Your affiant observed that the seized firearm appeared to be capable of expelling a projectile by action of an explosive and included the frame and receiver of such a firearm. Your affiant spoke with an ATF agent expertly trained in the interstate nexus of firearms. This agent determined that the seized firearm was manufactured in a country other than the United States and therefore would have had to cross both state and international lines prior to its possession in Delaware.

Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant did: (1) possess in and affecting interstate commerce , a firearm, after having been convicted of a felony crime punishable by imprisonment for a term exceeding one year in violation of Title 18 U.S.C., Section(s) 922(g)(1) and (924)(a)(2); (2) possess with intent to distribute cocaine base, in violation of Title 21, U.S.C., Section 841(a)(1) and (b)(1)(C) .

_____
Steven P. Parrott
Task Force Officer, ATF
Special Deputy U.S. Marshal

Sworn to and subscribed in my presence
this 29th day of July, 2008.

_____
The Honorable Leonard P. Stark

United States Magistrate Judge